IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:23-cr-233-ECM |
| | ) |
| EIBE SCOTT | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Eibe Scott's unopposed first motion to continue trial (doc. 14) filed on August 17, 2023.  Jury selection and trial are presently set on the term of court commencing on September 25, 2023.  For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents that additional time is needed to fully investigate and adequately prepare for trial. Additional time is also necessary to seek a resolution that would obviate the need for a trial. The United States does not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Thus, for good cause, it is

ORDERED that the motion to continue (doc. 14) is GRANTED, and jury selection and trial are CONTINUED from September 25, 2023, to the criminal term of court set to commence on October 30, 2023, at 10:00 a.m. in Dothan, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the October trial term.

Done this 17th day of August, 2023.

                                                  /s/Emily C. Marks
                                           EMILY C. MARKS
                                           CHIEF UNITED STATES DISTRICT JUDGE