IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:23-cr-233-ECM |
| | )               [WO] |
| EIBE SCOTT | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Eibe Scott's ("Scott") motion for separate trial on counts one and two (doc. 31) filed on October 2, 2023. Scott argues that the Court should order separate trials on Counts One and Two of the indictment to prevent undue prejudice. The United States filed a response in opposition (doc. 37), and the motion is ripe for review.[1] After a careful review of the motion, the United States' response, and the applicable law, the Court concludes that Scott's motion is due to be denied.

**DISCUSSION**

Scott is charged in a two-count indictment with unlawful possession of a firearm by a convicted felon on two different dates in Coffee County, Alabama. (Doc. 1). Count One of the Indictment charges Scott with unlawful possession of a firearm by a convicted felon on or about September 13, 2021. (*Id.* at 1). Count Two charges Scott with unlawful possession of a firearm by a convicted felon on or about March 10, 2022. (*Id.* at 1–2).

---

[1] The Court allowed the Defendant to file a reply to the Government's response on or before October 13, 2023, (*see* doc. 32), but the Defendant did not file a reply.

Scott argues that a joint trial on Counts One and Two will prejudice him in at least four ways. (Doc. 31 at 3). First, it will confuse the jury because there will be references to "multiple firearms on multiple locations on different occasions," and the jury will have to "keep these separate in considering each count." (*Id.* at 3–4). Second, the jury will be presented with bad character evidence that would normally be excluded. Scott explains that if the two counts were tried separately, the United States would be prohibited under Rule 404 from referring to the conduct alleged in the other count. Third, the jury may assume that Scott "cannot be innocent twice, will cumulate the evidence, and will convict even though if counts were considered separately, they would not." (*Id.* at 4). Fourth and finally, the jury may use evidence concerning one charged crime to infer his guilt on the other charged crime.

Scott does not dispute that joinder of the charges was proper under Federal Rule of Criminal Procedure 8(a). Instead, he argues that joinder is prejudicial under Rule 14. A district court may sever counts for separate trials, "or provide any other relief that justice requires," if joinder appears to prejudice the defendant. FED. R. CRIM. P. 14(a). To be entitled to a severance under Rule 14, Scott must show that without a severance, he would suffer "compelling prejudice." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (discussing severance of codefendants' trials in a conspiracy case); *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (discussing severance of multiple counts). "To show compelling prejudice, a defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice—

jury instructions or some other remedy short of severance will not work." *Lopez*, 649 F.3d at 1234; *see also Walser*, 3 F.3d at 387 ("[I]f the possible prejudice may be cured by a cautionary instruction[,] severance is not required."). Courts "presume that juries follow the instructions given to them." *Lopez*, 649 F.3d at 1237.

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Scott's conclusory allegations regarding jury confusion and other potential forms of prejudice are insufficient to establish the compelling prejudice required for a severance. *See Walser*, 3 F.3d at 386 (explaining that conclusory allegations are insufficient to establish compelling prejudice). The defendant must assert "specific and exonerative facts" to warrant a severance, which Scott has failed to do. *See United States v. Novaton*, 271 F.3d 968, 990 (11th Cir. 2001).

Even if Scott had shown the requisite prejudice, his motion is still due to be denied for the additional, independent reason that he has not shown that "a severance is the only proper remedy for that prejudice." *See Lopez*, 649 F.3d at 1234. He asserts without analysis that a limiting jury instruction would be insufficient to cure the alleged prejudice. Scott has failed to persuade the Court that a jury, given a limiting instruction, would be unable to consider each count and the evidence relating to it separately, particularly since juries are presumed to follow the instructions given to them. *See id.* at 1234, 1237. This conclusion is underscored by the fact that the indictment charges only two counts, and the Eleventh Circuit has affirmed the denial of a severance in more complex cases. *See, e.g.*,

*United States v. Hill*, 643 F.3d 807, 819–20, 827–34 (11th Cir. 2011) (affirming the denial of a severance in a case involving 12 defendants and a 187-count indictment, noting that the court gave the jury "a closing instruction that it must consider the evidence separately as to each defendant with respect to each charge").  Consequently, the Court concludes that Scott has failed to show that he is entitled to separate trials on Counts One and Two of the Indictment. *See Walser*, 3 F.3d at 387.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Scott's motion for separate trial (doc. 31) is DENIED.

Done this 3rd day of November, 2023.

                                         /s/ Emily C. Marks  
                              EMILY C. MARKS  
                              CHIEF UNITED STATES DISTRICT JUDGE